UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 232-4 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GEORGE MILLER, JR. | ) | |

**AGREEMENT TO DEFER PROSECUTION**

The United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, and the defendant, George Miller, Jr., by his attorney, Ryan S. Hedges, hereby agree to the following:

Defendant George Miller, Jr. has been charged in a Second Superseding Indictment with one count of a violation of Title 18, United States Code, Section 371 (Count Thirty-Six). This charge arises from Miller's association with Loretto Hospital in Chicago, Illinois.

Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161 *et seq*. By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The parties agree to request that the United States District Court defer proceedings on the charges in the Second Superseding Indictment pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(2), for a period of 12

months from the date this agreement is filed with the Court (the "deferred prosecution period") for the purpose of allowing the defendant to demonstrate his good conduct during this period.

If the defendant has fulfilled all the terms and conditions of this agreement at the conclusion of the deferred prosecution period, the United States Attorney's Office ("USAO") will move the District Court to dismiss with prejudice the count against defendant in the Second Superseding Indictment as to this defendant only within five business days of defendant's successful completion of the deferred prosecution period.

For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this agreement set out below.

**Conditions of Pretrial Diversion**

1. Defendant shall not violate any federal, state, or local law (excluding minor traffic and parking infractions).

2. Defendant shall not unlawfully use or possess any narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner.

3. Defendant shall not possess any firearm, destructive device, or weapon, or apply for any Firearm Owner's Identification Card.

4. The Pretrial Services Office will return the defendant's passport to him. Defendant shall not use a passport or other international travel document without notification to and permission of his pretrial diversion supervisor.

5. Defendant shall not travel outside the Middle District of Florida without first obtaining the approval of his pretrial diversion supervisor.

6. Defendant shall continue to reside in his current judicial district. If the defendant intends to move out of that district, defendant shall inform his pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for his supervision.

7. Defendant shall have no contact with Anosh Ahmed, Sameer Suhail, or Heather Bergdahl.

8. Defendant must report as soon as practicable to his pretrial diversion supervisor if arrested or questioned by any law enforcement officer.

9. Defendant shall report to his pretrial diversion supervisor as directed.

10. Defendant shall work regularly at a lawful occupation. If defendant loses his job, he shall notify his pretrial diversion supervisor at once. Defendant shall also consult with his pretrial diversion supervisor prior to job changes.

11. Defendant agrees to pay restitution in the amount of at least $5,000 per month for a total of $60,000 during the 12 month deferred prosecution period. Upon payment of $60,000, defendant's restitution obligations in this matter shall be satisfied and complete. All payments are to be made to the Financial Litigation Program of the United States Attorney's Office.

12. Defendant shall not incur new credit charges or open additional lines of credit without the approval of a pretrial services officer unless defendant is in compliance with the financial obligations imposed by this agreement.

13. Within 72 hours of any significant change in defendant's economic circumstances that might affect his ability to pay restitution, defendant must notify the pretrial diversion supervisor of the change.

14. Defendant shall provide the pretrial services officer and the government with access to any financial information requested by the pretrial services officer or the government to monitor compliance.

**Admissions by George Miller, Jr.**

By signing this agreement, defendant admits the facts set forth in a separate letter agreement with the USAO executed the same date as this agreement. Defendant agrees that these admissions may be used against him in any proceeding in this case, *United States v. Anosh Ahmed, et al.,* No. 24 CR 232, for any purpose, including as admissions, in the event that the USAO subsequently determines that he has breached this agreement, and the USAO resumes or institutes prosecution of the charges against defendant in the Second Superseding Indictment.

**Further Agreements Between the Parties**

1. The USAO may at any time initiate prosecution for the conduct described in the Second Superseding Indictment should defendant violate any condition of this agreement, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant waives and shall not assert any statute of limitations defense to any prosecution in the Northern District of Illinois that is not time-barred as of the date of this agreement. Alternatively, in the sole discretion of the USAO, the USAO may ask the District Court to extend the deferred prosecution agreement for a period of up to twelve additional months in the event the USAO determines defendant violated this agreement. The USAO may also move the District Court to shorten the term of the deferred prosecution period at any time.

2. The determination of whether defendant has complied with his obligations under this agreement shall be in all instances within the sole discretion of the USAO. In the event the USAO determines defendant has breached this agreement, the USAO will furnish defendant with notice specifying the conditions of this agreement that defendant has violated.

3. Defendant understands that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an indictment, or in bringing a defendant to trial. Defendant hereby requests the USAO to defer any prosecution of his alleged violations of federal criminal law, and to induce the USAO to defer such prosecution pursuant to the terms of this agreement, defendant agrees and consents that any delay from the date of this agreement to the date of initiation of any prosecution in the Northern District of Illinois shall be deemed to be a necessary delay at his request, and that he waives any defense to such prosecution on the ground that such delay operated to deny his rights to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations.

4. The parties agree that defendant's obligations contained in this agreement shall continue for the duration of the deferred prosecution period. The USAO agrees that upon defendant's satisfaction of his obligations contained in this agreement, it will not prosecute him for offenses occurring within the Northern District of Illinois and relating to any of the conduct described in the Second

Superseding Indictment, including that which is set forth in the separate letter agreement.

5. The USAO agrees, during the deferred prosecution period, not to seek additional criminal charges in the Northern District of Illinois against defendant related to or arising from the conduct described in the Second Superseding Indictment in this case, *United States v. Ahmed, et al.,* No. 24 CR 232, or in *United States v. Ahmed et al.,* No. 25 CR 321, filed on or about June 12, 2025. The USAO further agrees that, upon defendant's successful completion of the deferred prosecution period, it will at no point in the future bring or refer any criminal or civil charge against defendant based on conduct related to or arising from Case Nos. 24 CR 232 and 25 CR 321.

6. Defendant agrees that he will not file any motion during the deferred prosecution period challenging the validity of the Second Superseding Indictment including any motion to dismiss the Second Superseding Indictment. In the event the USAO determines that defendant breached this agreement, and the USAO resumes or initiates prosecution of the charges against defendant in the Second Superseding Indictment, the USAO agrees not to raise an untimeliness argument as to the defendant's non-filing of a motion challenging the validity of the Second Superseding Indictment up to the time that the USAO resumes the prosecution of the charges.

7. It is understood that the obligations of this agreement are limited to the USAO and do not bind any other federal, state or local prosecuting, administrative or regulatory authority.

8. Should this agreement not be entered pursuant to Title 18, United States Code, Section 3161(h)(2), neither party shall be bound by any term of this

agreement, and no admissions made by defendant in this agreement or in the separate letter agreement may be used against defendant.

9. No additional promises, agreements and conditions have been entered into other than those set forth in this agreement and the separate letter agreement and none will be entered into unless in writing and signed by all the parties.

10. Defendant acknowledges that he has read this agreement and has carefully reviewed each provision with his attorney. Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement and the separate letter agreement with the USAO. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this agreement.

GEORGE MILLER, JR.
Defendant

Date: 8-16-26

RYAN S. HEDGES
Attorney for George Miller, Jr.

Date: 8-16-26

DIANE MacARTHUR
Assistant United States Attorney

Date: 8. 19. 2026

KELLY GUZMAN
Assistant United States Attorney

Date: 8/19/2026